UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MAXWELL SHOE COMPANY INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>JONES APPAREL GROUP, INC., and )<br>MSC ACQUISITION CORP., )<br><br>Defendants. ) | Civil Action No. 04 CV 10635 RGS |

## MOTION FOR SHORT ORDER OF NOTICE

Plaintiff Maxwell Shoe Company Inc. ("Maxwell Shoe" or "the Company"), by its attorneys, hereby moves for a short order of notice setting Plaintiff's Motion For Expedited Scheduling And Discovery ("Expedited Discovery Motion") for hearing on the first available date and requiring Defendants to respond to the Expedited Discovery Motion by no later than April 9, 2004.

As grounds for this motion, Maxwell Shoe states that this matter involves an attempted hostile takeover of Maxwell Shoe, a Massachusetts based company, combined with a hostile consent solicitation to replace its Board of Directors (the "Board"). The case therefore presents issues of an urgent nature. Defendants are pursuing their attempted hostile acquisition of the Company and consent solicitation by means of materially misleading statements and omissions and Plaintiff has filed a motion for preliminary injunction to halt such conduct pending a trial on the merits. Specifically, Defendants have already filed with the U.S. Securities and Exchange Commission ("SEC") a Schedule TO, commencing a tender offer to take control of Maxwell

Shoe, as well as a preliminary Schedule 14A, seeking to replace Maxwell Shoe's Board with Defendants' hand-picked nominees. Both of these filings contain materially false statements and omissions. The Schedule TO has already been mailed to Maxwell Shoe's shareholders, soliciting the tender of their shares for the sub-market price of $20 per share, and the preliminary Schedule 14A is publicly available through links on website of the Defendant Jones Apparel Group, Inc. Defendants have indicated that they will begin soliciting shareholder consents to replace the Board as soon after the Company's April 8, 2004 shareholders meeting as the SEC gives clearance to Defendants' Schedule 14A. Defendants could therefore gain control through their tender offer in short order, or take over the Maxwell Shoe Board immediately upon SEC clearance by lining up consents now from Maxwell Shoe stockholders holding a majority of shares. If Defendants are permitted to gain control of Maxwell Shoe or its Board based on materially misleading statements and omissions, Maxwell Shoe and its stockholders will be irreparably harmed.

Maxwell Shoe has submitted a motion for a preliminary injunction to halt Defendants' tender offer and consent solicitation, pending a trial on the merits, and has requested a hearing on that motion. Maxwell Shoe seeks expedited scheduling and limited expedited discovery in advance of the hearing on its preliminary injunction motion to further develop the record for the Court's consideration of that motion. A short order of notice with respect to Plaintiff's Expedited Discovery Motion therefore is necessary and appropriate in these circumstances.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant its motion for a short order of notice and set a hearing on Plaintiff's Motion For Expedited Scheduling And Discovery at the earliest available time, and order Defendants to respond to the Expedited Discovery Motion by no later than April 9, 2004.

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(D), Plaintiff respectfully requests a hearing on its Motion for Order of Short Notice because this matter involves an attempted corporate takeover and proxy contest and thus presents issues of a complex and urgent nature. Plaintiff therefore believes that oral argument would be of assistance to the Court in the disposition of this motion.

Dated: Boston, Massachusetts
April 7, 2004

Respectfully submitted,

Maxwell Shoe Company Inc.
By Its Attorneys

Jordan D. Hershman, Esq. (BBO # 553709)
Roger A. Lane, Esq. (BBO #551368)
Kenneth I. Weissman, Esq. (BBO #653834)
TESTA, HURWITZ & THIBEAULT, LLP
125 High Street
Boston, Massachusetts 02110
Telephone (617) 248-7000
Facsimile (617) 248-7100

Of counsel:

Adam H. Offenhartz, Esq.
Jennifer H. Rearden, Esq.
Robert E. Malchman, Esq.
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, N.Y. 10166-0193
Telephone (212) 351-4000
Facsimile (212) 351-4035

## CERTIFICATE OF COMPLIANCE WITH LR 7.1

I hereby certify that counsel for Plaintiff conferred with counsel for Defendants in a good faith effort to resolve the issues set forth herein, and Defendants do not consent to the relief requested herein.

*[signature]*
Roger A. Lane

## CERTIFICATE OF SERVICE PURSUANT TO L.R. 5.2(b)(2)

I hereby certify that on April 7, 2004, a true copy of the above document was served by hand upon Defendants, Jones Apparel Group, Inc., 250 Rittenhouse Circle, Keystone Park, Bristol, PA 19007 and MSC Acquisition Corp., 250 Rittenhouse Circle, Keystone Park, Bristol, PA 19007.

*[signature]*
Roger A. Lane

3049510-1