UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MAXWELL SHOE COMPANY INC., )
                           )
         Plaintiff,        )
                           )
    v.                     )   Civil Action No. 04 CV 10635 RGS
                           )
JONES APPAREL GROUP, INC.; and )
MSC ACQUISITION CORP.,     )
                           )
         Defendants.       )
                           )

**DECLARATION OF ROGER A. LANE
IN SUPPORT OF PLAINTIFF'S MOTIONS FOR A
PRELIMINARY INJUNCTION AND FOR EXPEDITED DISCOVERY**

I, ROGER A. LANE hereby declare, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.   I am a member of the bar of the Commonwealth of Massachusetts and of this Court, and am a partner with Testa, Hurwitz, and Thibeault, LLP, and counsel to Plaintiff, Maxwell Shoe Company Inc. ("Maxwell Shoe").

2.   I submit this declaration in support of Maxwell Shoe's motion for a preliminary injunction and motion for expedited discovery. I make this declaration based on personal knowledge, unless otherwise indicated.

3.   Attached hereto as Exhibit 1 is a true and correct copy of the Complaint, dated April 1, 2004. The Complaint seeks declaratory and injunctive relief against Defendants, Jones Apparel Group, Inc. ("Jones"), and MSC Acquisition Corp. ("MSCAC"), pursuant to 15 U.S.C. § 78n(a), 17 C.F.R. § 240.14a-9 and 15 U.S.C. § 78n(e), for false and materially misleading

statements and omissions Defendants have made in connection with their attempted takeover of Maxwell Shoe.

4.   Jones has mailed a tender offer statement to Maxwell Shoes' shareholders, and has filed the same document with the SEC. Attached hereto as Exhibit 2 is a true and correct copy of the tender offer statement filed by Defendants with the SEC on Schedule TO on March 23, 2004.

5.   Jones has made a proposed consent statement available on its website, and has filed the same document with the SEC. Attached hereto as Exhibit 3 is a true and correct copy of the proposed consent statement filed by Defendants with the SEC on Schedule 14A on March 23, 2004.

6.   Attached hereto as Exhibit 4 is a true and correct copy of the February 25, 2004 Jones press release titled "Jones Apparel Group, Inc. Proposes to Purchase Maxwell Shoe Company, Inc. For $20 Per Share In Cash."

7.   Attached hereto as Exhibit 5 is a true and correct copy of the transcript of a March 31, 2004 conference call among analysts; Peter Boneparth, the President, Chief Executive Officer and a Director of Jones; and Wesley Card, Chief Operating Officer and Chief Financial Officer of Jones. Defendants have filed this conference call transcript with the SEC pursuant to SEC Rule 14a-12.

8.   Attached hereto as Exhibit 6 is a true and correct copy of the July 8, 2003 Investor's Business Daily article, titled "Department Stores Need Fresh Ideas, Former Exec. Says; Time to "Re-examine"; Some Chains Shift Gears to Maintain Momentum in Changing Retail World."

9. Attached hereto as Exhibit 7 is a true and correct copy of the January 13, 2003 press release from Berns Communications Group, LLC, titled "Financo Launches New Global Consulting Division."

10. Attached hereto as Exhibit 8 is a true and correct copy of the Form 8K filed by House2Home, Inc. on November 7, 2001.

11. Attached hereto as Exhibit 9 is a true and correct copy of the Form 10K filed by Casual Male Corp. on December 14, 2001.

12. Attached hereto as Exhibit 10 is a true and correct copy of the Form 10Q filed by Filene's Basement Corp. on December 14, 1999.

13. Attached hereto as Exhibit 11 is a true and correct copy of the Form 10K/A filed by Sunbeam Corp. on June 22, 2000.

14. Attached hereto as Exhibit 12 is a true and correct copy of the Form 8K filed by Sunbeam Corp. on February 6, 2001.

15. Attached hereto as Exhibit 13 is a true and correct copy the May 27, 1996 Business Week article, titled "Merrill May be Merger Mogul at Last."

16. Attached hereto as Exhibit 14 is a true and correct copy of the January 4, 1994 PR Newswire article, titled "Jones Apparel Group, Inc. Registers with SEC for Public Offering of 3,100,000 Secondary Shares of Common Stock."

17. Attached hereto as Exhibit 15 is a true and correct copy of the October 20, 1997 TheStreet.com article, titled "At Jones Apparel, Business is Almost Too Good."

18. Attached hereto as Exhibit 16 is a true and correct copy of the April 7, 2003 article from Commercial Mortgages Vol. 27, No. 28, titled "Simon Property Extends Deadline on Taubman Offer."

19. Attached hereto as Exhibit 17 is a true and correct copy of the March 24, 2004 Business Wire, Inc. article, titled "Consents of CPI Corp. Shareholders Certified by Independent Inspector; Majority of CPI Board Replaced."

20. Attached hereto as Exhibit 18 is a true and correct copy of the store directories for four malls owned by Simon Properties: Menlo Park Mall, located in Edison, New Jersey; Rockaway Townsquare, located in Rockaway, New Jersey; Roosevelt Field Mall, located in Garden City, New York; and Jefferson Valley Mall, located in Yorktown Heights, New York.

21. Attached hereto as Exhibit 19 is a true and correct copy of the Form 10-Q filed by Michael Anthony Jewelers, Inc. for quarter ended May 4, 2002.

22. Attached hereto as Exhibit 20 is a true and correct copy of the Form 10-Q filed by Michael Anthony Jewelers, Inc. for quarter ended August 3, 2002.

23. Attached hereto as Exhibit 21 is a true and correct copy of the Form 10-Q filed by Michael Anthony Jewelers, Inc. for quarter ended November 2, 2002.

24. Attached hereto as Exhibit 22 is a true and correct copy of the Form 10-Q filed by Michael Anthony Jewelers, Inc. for quarter ended May 3, 2003.

25. Attached hereto as Exhibit 23 is a true and correct copy of the Form 10-Q filed by Michael Anthony Jewelers, Inc. for quarter ended August 2, 2003.

26. Attached hereto as Exhibit 24 is a true and correct copy of the Form 10-Q filed by Michael Anthony Jewelers, Inc. for quarter ended November 1, 2003.

27. Attached hereto as Exhibit 25 is a true and correct copy of the Form 10K filed by Michael Anthony Jewelers, Inc. on May 1, 2003.

28. Attached hereto as Exhibit 26 is a true and correct copy of the January 13, 2004 Dow Jones New Service article, titled "Michael Anthony Jewelers, Inc. Announces Its Intention To Delist Its Stock From The American Stock Exchange And To Deregister Its Common Stock."

29. Attached hereto as Exhibit 27 is a true and correct copy of the March 31, 2004 complaint filed by Jones in Delaware seeking declaratory and injunctive relief against Maxwell Shoe.

30. Attached hereto as Exhibit 28 is a true and correct copy of the March 30, 2004 complaint filed by Jones in Delaware seeking inspection of Maxwell Shoe's books and records.

31. Attached hereto as Exhibit 29 is a true and correct copy of a chart reflecting the price of Maxwell Shoe common stock from February 18, 2004 to the present date.

32. Attached hereto as Exhibit 30 is a true and correct copy of Plaintiff's First Combined Discovery Requests.

33. Attached hereto as Exhibit 31 is a true and correct copy of a decision in In re General Motors Corp. Litig., Civil Action No. 20269-NC (Del. Ch. Oct. 2, 2003).

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 7, 2004.

_____
Roger A. Lane

### CERTIFICATE OF SERVICE PURSUANT TO L.R. 5.2(b)(2)

I hereby certify that on April 7, 2004, a true copy of the above document was served by hand upon Defendants, Jones Apparel Group, Inc., 250 Rittenhouse Circle, Keystone Park, Bristol, PA 19007 and MSC Acquisition Corp., 250 Rittenhouse Circle, Keystone Park, Bristol, PA 19007.

_____
Roger A. Lane

3049532v1