COURT
OF MASS.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

2004 APR 15  P 5: 42

|  |  |
|---|---|
| MAXWELL SHOE COMPANY INC., | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| JONES APPAREL GROUP, INC.; and | ) |
| MSC ACQUISITION CORP., | ) |
|  | ) |
| Defendants. | ) |

FILED
CLERK'S OFFICE

Civil Action No.
04 CV 10635 RGS

## PLAINTIFF'S AMENDED MOTION
## FOR A PRELIMINARY INJUNCTION

Pursuant to Fed. R. Civ. P. 65, Plaintiff, Maxwell Shoe Company Inc. ("Maxwell Shoe"),

hereby respectfully moves this Court, to preserve the status quo pending a trial on the merits, to

issue a preliminary injunction enjoining Defendants, Jones Apparel Group, Inc. and MSC

Acquisition Corp., from (i) conducting a tender offer for the stock of Maxwell Shoe, and (ii)

soliciting written consents from Maxwell Shoe's stockholders to replace Maxwell Shoe's Board

of Directors with nominees put forth by Defendants.

As grounds for this motion, Maxwell Shoe states that, as set forth more fully in the

accompanying Memorandum of Law in Support of Plaintiff's Amended Motion for a

Preliminary Injunction; Declaration of Roger A. Lane in Support of Plaintiff's Motions for

Preliminary Injunction and for Expedited Discovery, executed April 6, 2004; Declaration of

James J. Tinagero in Support of Plaintiff's Motions for Preliminary Injunction and for Expedited

Discovery, executed April 6, 2004; and Declaration of Adam H. Offenhartz in Support of

Plaintiff's Amended Motions for a Preliminary Injunction and for Expedited Discovery, executed

April 15, 2004; Maxwell Shoe has a reasonable likelihood of prevailing on the merits of its

claims that Maxwell Shoe and its stockholders are exposed to irreparable harm through

Defendants' material misstatements and omissions, including the misstatements and omissions in

Defendants' Tender Offer Statement (filed with the SEC on Schedule TO on March 23, 2004),

and Consent Statement (filed with the SEC on Schedule 14A on March 23, 2004), Revised

Consent Statement (filed with the SEC on Schedule 14A on April 9, 2004), and other public

filings and statements, which violate Sections 14(a) and (e) of the Securities and Exchange Act

of 1934 and SEC Rule 14a-9. The immediate and irreparable harm that Maxwell Shoe and its

shareholders will suffer if a preliminary injunction is not issued (the loss of control of their

company and their investments through these materially false and misleading statements and

omissions) outweighs any harm that a preliminary injunction might cause Defendants (a slight

delay in pursuing their acquisition of Maxwell Shoe). The public interest can only be served by

granting the requested injunction.

Maxwell Shoe is simultaneously filing Plaintiff's Amended Motion for Expedited

Scheduling and Discovery to allow it to supplement matters already of record with additional

facts that would provide further support for a preliminary injunction against Defendants, and to

set a briefing and hearing schedule.

Dated: Boston, Massachusetts
       April 15, 2004

                                        Respectfully submitted,

                                        Maxwell Shoe Company Inc.,
                                        By Its Attorneys


                                        Jordan D. Hershman (BBO # 553709)
                                        Roger A. Lane (BBO #551368)
                                        Kenneth I. Weissman (BBO #653834)
                                        TESTA, HURWITZ & THIBEAULT, LLP
                                        125 High Street
                                        Boston, Massachusetts 02110
                                        Telephone (617) 248-7000
                                        Facsimile (617) 248-7100

Of counsel:

Adam H. Offenhartz
Jennifer H. Rearden
Robert E. Malchman (BBO# 555071)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, N.Y.  10166-0193
Tel.:   (212) 351-4000
Fax.:   (212) 351-4035

## CERTIFICATE OF COMPLIANCE WITH LR 7.1

I hereby certify that counsel for Plaintiff conferred with counsel for Defendants in a good faith effort to resolve the issues set forth herein, and Defendants do not consent to the relief requested herein.

Jordan D. Hershman

## CERTIFICATE OF SERVICE PURSUANT TO L.R. 5.2(b)(2)

I hereby certify that on April 15, 2004, a true copy of the above document was served by hand upon counsel of record for all Defendants.

Dawn M. Perlman

3054190v1