COURT
OF MASS.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

2004 APR 15  P 5: 42

FILED
K'S OFFICE

MAXWELL SHOE COMPANY INC.,          )
                                    )
              Plaintiff,            )      Civil Action No.
                                    )      04 CV 10635 RGS
         v.                         )
                                    )
JONES APPAREL GROUP, INC.; and      )
MSC ACQUISITION CORP.,              )
                                    )
              Defendants.           )
                                    )
                                    )

## PLAINTIFF'S AMENDED MOTION FOR
## EXPEDITED SCHEDULING AND DISCOVERY

Pursuant to Fed. R. Civ. P. 6(d), 26(d), 30(a)(2)(c), 34(b) and 36(a), plaintiff Maxwell

Shoe Company Inc. ("Maxwell Shoe"), hereby respectfully requests that the Court enter an order

(i) expediting the scheduling of the accompanying Plaintiff's Amended Motion for a Preliminary

Injunction, including briefing; and (ii) expediting discovery in advance of the hearing on

Plaintiff's Amended Motion for a Preliminary Injunction.

As set forth in the Memorandum of Law in Support of Plaintiff's Motion for Expedited

Scheduling and Discovery ("Plaintiff's Memorandum"), dated April 7, 2004; the Reply

Memorandum of Law in Support of Plaintiff's Motion for Expedited Scheduling and Discovery,

dated April 12, 2004; the Declaration of Roger A. Lane in Support of Plaintiff's Motions for

Preliminary Injunction and for Expedited Discovery, executed April 6, 2004; the Declaration of

James J. Tinagero in Support of Plaintiff's Motions for Preliminary Injunction and for Expedited

Discovery, executed April 6, 2004; and the Declaration of Adam H. Offenhartz in Support of

Plaintiff's Amended Motions for Preliminary Injunction and for Expedited Discovery, executed April 15, 2004 (the "Offenhartz Declaration"); the expedited discovery is intended to allow Maxwell Shoe to supplement matters of record with additional facts that would provide further support for a preliminary injunction against Defendants, Jones Apparel Group, Inc., and MSC Acquisition Corp. Absent such an injunction, Maxwell Shoe and its shareholders will be irreparably harmed by Defendants' material misstatements and omissions, including the misstatements and omissions in Defendants' Tender Offer Statement (filed on Schedule TO with the SEC on March 23, 2004), proposed Consent Statement (filed on Schedule 14A with the SEC on March 23, 2004), and proposed Revised Consent Statement (filed on Schedule 14A with the SEC on April 9, 2004).

A copy of Plaintiff's Amended First Combined Discovery Requests is attached as Exhibit 11 to the Offenhartz Declaration. Specifically, the requests seek discovery regarding the following particularized categories:

A.    Discovery of the Business Relationships between Jones and the Defendants' Nominees

Interrogatories Nos. 1, 3, 4, 5
Requests to Admit Nos. 1, 2, 7, 8, 9, 12, 14, 15, 16
Requests for Production Nos. 1, 2

B.    Discovery of the Defendants' Nominees' Purported Qualifications

Interrogatories Nos. 1, 3,
Requests to Admit Nos. 3, 4, 5, 6, 7, 7, 8, 9, 11, 13
Requests for Production Nos. 1, 2

C.    Discovery Relating to the Unique Value of the AK Anne Klein License

Request for Production No. 8
Requests to Admit Nos. 20, 21, 22

D.    Discovery Relating to Defendants' Disparagement of Maxwell Shoe's Board

Interrogatory No. 7
Requests to Admit Nos. 17, 18, 19

Request for Production No. 5

E.    <u>Discovery Showing Defendants' Culpable States of Mind</u>

Interrogatories Nos. 2, 6
Request to Admit No. 10
Requests for Production Nos. 2, 3, 4, 6, 7

F.    <u>Discovery Showing Harm to Maxwell Shoe</u>

Interrogatories Nos. 8, 9
Request for Production No. 9

G.    <u>Discovery to Identify Persons with Knowledge Relevant to Plaintiffs' Amended
Preliminary Injunction Motion</u>

Interrogatories Nos. 8, 9, 10
Request for Production No. 9

H.    <u>Discovery to Make Documents Admissible at the Preliminary Injunction Hearing</u>

Request to Admit No. 23

Maxwell Shoe also requests permission to conduct a limited number of depositions

immediately following Defendants' response to Plaintiff's First Discovery Requests, as described

in Plaintiff's Memorandum.  Maxwell Shoe respectfully requests the Court order the following

expedited schedule (all times for specified dates shall be 5:00 p.m., Eastern Daylight Time):

- Defendants shall respond to Plaintiff's Amended First Combined Discovery Requests
no later than six (6) calendar days after this Court decides this motion.

- Plaintiffs shall be entitled to take the depositions of Peter Boneparth, Wesley Card,
Allan Corn, Michael Koeneke, Harold Leppo, and Peter Martin.  Plaintiffs also may
seek additional depositions from the Court or by agreement of the parties after
Defendants respond to Plaintiff's First Combined Discovery Requests.

- Discovery shall be completed by May 6, 2004.

- Defendants' opposition to Plaintiff's Motion for Preliminary Injunction shall be due
on May 11, 2004.

- Plaintiff's reply shall be due on May 17, 2004.

Maxwell Shoe further requests that the Court schedule an evidentiary hearing on Maxwell Shoe's motion for a preliminary injunction for May 21, 2004, or as close thereto as the Court's calendar permits. An evidentiary hearing is required because of the sharp factual disputes between the parties. See Rosario-Urdaz v. Rivera-Hernandez, 350 F.3d 219, 224 (1st Cir. 2003) (vacating denial of preliminary injunction as abuse of discretion where district court did not hold evidentiary hearing despite existence of "fact-intensive questions").

Dated:  Boston, Massachusetts
        April 15, 2004

Respectfully submitted,

Maxwell Shoe Company Inc.,
By Its Attorneys

Jordan D. Hershman (BBO # 553709)
Roger A. Lane (BBO #551368)
Kenneth I. Weissman (BBO #653834)
TESTA, HURWITZ & THIBEAULT, LLP
125 High Street
Boston, Massachusetts 02110
Telephone (617) 248-7000
Facsimile (617) 248-7100

Of counsel:
Adam H. Offenhartz
Jennifer H. Rearden
Robert E. Malchman (BBO# 555071)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, N.Y. 10166-0193
Tel.:   (212) 351-4000
Fax.:   (212) 351-4035

4

## CERTIFICATE OF COMPLIANCE WITH LR 7.1

I hereby certify that counsel for Plaintiff conferred with counsel for Defendants in a good faith effort to resolve the issues set forth herein, and Defendants do not consent to the relief requested herein.

Jordan D. Hershman

## CERTIFICATE OF SERVICE PURSUANT TO L.R. 5.2(b)(2)

I hereby certify that on April 15, 2004, a true copy of the above document was served by hand upon counsel of record for all Defendants.

Dawn M. Perlman

3054191v1

5