TRUE COURT
.CT OF MASS.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

2004 APR 15 P 5: 42

```
- - - - - - - - - - - - - - - - - - - - - - - - -  )
                                                    )
MAXWELL SHOE COMPANY INC.,                          )
                                                    )
              Plaintiff,                            )
                                                    )
       v.                                           )
                                                    )
JONES APPAREL GROUP, INC.; and                      )
MSC ACQUISITION CORP.,                              )
                                                    )
              Defendants.                           )
                                                    )
- - - - - - - - - - - - - - - - - - - - - - - - -  )
```

FILED
CLERK'S OFFICE

Civil Action No.
04 CV 10635 RGS

## DECLARATION OF ADAM H. OFFENHARTZ IN SUPPORT OF PLAINTIFF'S AMENDED MOTIONS FOR A PRELIMINARY INJUNCTION AND FOR EXPEDITED DISCOVERY

ADAM H. OFFENHARTZ hereby declares, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.     I am a member of the bar of the State of New York and of Gibson, Dunn and Crutcher LLP, and counsel to Plaintiff, Maxwell Shoe Company Inc. ("Maxwell Shoe"). My application for admission to the bar of this Court pro hac vice has been granted.

2.     I submit this declaration in support of Maxwell Shoe's amended motion for a preliminary injunction and amended motion for expedited discovery. I make this declaration based on personal knowledge, unless otherwise indicated.

3.     Attached hereto as Exhibit 1 is a true and correct copy of the revised Schedule 14A consent statement filed by Jones Apparel Group, Inc. ("Jones"), and MSC Acquisition Corp. ("MSCAC") with the SEC on April 9, 2004. It is publicly available through Jones's website.

4.    Attached hereto as Exhibit 2 is a true and correct copy of the Schedule 14A Information filed by Defendants with the SEC pursuant to SEC Rule 14a-12 on April 1, 2004, containing a March 31, 2004 press release titled "Jones Apparel Group Files Complaint Against Maxwell Shoe." Defendants also filed this press release as an exhibit to Form 8-K, on March 31, 2004; and as an exhibit to Amendment No. 1 to Schedule TO, on April 1, 2004.

5.    Attached hereto as Exhibit 3 is a true and correct copy of the Schedule 14A Information filed by Defendants with the SEC pursuant to SEC Rule 14a-12 on April 6, 2004.

6.    Attached hereto as Exhibit 4 is a true and correct copy of Amendment No. 1 to Defendants' Schedule TO, filed with the SEC on April 1, 2004 .

7.    Attached hereto as Exhibit 5 is a true and correct copy of the August 7, 2003 PR Newswire article titled "Kasper A.S.L., Ltd. Announces Results of Auction, Agrees to Be Acquired By Jones Apparel Group."

8.    Attached hereto as Exhibit 6 is a true and correct copy of the August 14, 2003 PR Newswire article titled "Jones New York Bid for Kasper A.S.L., Ltd. Confirmed in Bankruptcy Court."

9.    Attached hereto as Exhibit 7 is a true and correct copy of Maxwell Shoe's current Bylaws, amended and restated on March 29, 1999.

10.    Attached hereto as Exhibit 8 is a true and correct copy of a chart reflecting the price of Maxwell Shoe's stock from February 18, 2004, to the present date.

11.    Attached hereto as Exhibit 9 is a true and correct copy of the proposed Plaintiffs' Amended First Combined Discovery Requests.

12.    On April 7, 2004, I participated in a telephonic hearing before the Delaware Court of Chancery, the Honorable Leo E. Strine, Jr., Vice Chancellor, relating to the action that

MSCAC filed on March 30, 2003 (the "Section 220 Action"), against Maxwell Shoe to obtain books and records of the Company relating to the setting of March 25, 2004, as the record date for Defendants' consent solicitation (the "Record Date") and the action that Jones and MSCAC filed on March 31, 2004 (the "Section 213 Action"), against Maxwell Shoe and each of its directors alleging breaches of contract and of fiduciary duty in the setting of the Record Date.

13.    During the April 7, 2004 hearing, counsel for Jones and MSCAC, Raymond J. DiCamillo, Esq., of the Delaware bar, represented to Vice Chancellor Strine that MSCAC would dismiss the Section 220 claim in its entirety. Mr. DiCamillo further represented that Jones and MSCAC would dismiss three of the four counts of the Section 213 Action, including any claim alleging breach of fiduciary duty. Mr. DiCamillo also stated that Jones and MSCAC were withdrawing their motion for expedited discovery.

14.    Attached hereto as Exhibit 10 is a true and correct copy of Plaintiffs' Amended Complaint, dated April 15, 2004.

I declare under penalty of perjury that the foregoing is true and correct.

Executed April 15, 2004.

_____
Adam H. Offenhartz

80291400_1.DOC

3

## CERTIFICATE OF SERVICE PURSUANT TO L.R. 5.2(b)(2)

I hereby certify that on April 15, 2004, a true and correct copy of the above document was served by hand upon counsel to Defendants.

Roger A. Lane