UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MAXWELL SHOE COMPANY, INC., )
)
Plaintiff )
)
v. )
)
JONES APPAREL GROUP, INC., AND ) Case No. 04 CV 10635 - RGS
MSC ACQUISITION CORP., )
)
Defendants. )

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION
FOR EXPEDITED DISCOVERY**

The Defendants, Jones Apparel Group, Inc. and MSC Acquisition Corp. ("Jones Apparel") request that the Court deny Maxwell Shoe Company Inc.'s ("Maxwell") renewed motion for expedited discovery.

On April 6, 2004, Maxwell filed its original motion for expedited discovery, a motion for a preliminary injunction, and a motion for a short order of notice. On April 9, 2004, Jones Apparel filed its opposition to the motion for expedited discovery. On that day, the Court denied Maxwell's short order motion, denied Maxwell's request to lift the Private Securities Litigation Reform Act's ("PSLRA")[1] discovery stay, and ordered Jones Apparel to file an opposition to the motion for preliminary injunction on or before April

---

[1] Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4

16, 2004. On April 12, 2004, Maxwell filed a request for a Rule 16 conference and a reply brief regarding its motion for expedited discovery. Jones Apparel did not object to that filing, although it was moot in light of the Court's April 9, 2004 decision. On April 15, 2004 – after the close of business the evening before Jones Apparel's response was due – Maxwell withdrew its earlier complaint and motion for preliminary injunction and served Jones Apparel with an amended complaint, an amended motion for preliminary injunction, and an amended motion for expedited discovery.

For the reasons set forth herein, and in its *Memorandum In Opposition To Plaintiff's Motion For Preliminary Injunction*, and in its original *Memorandum In Opposition To Plaintiff's Renewed Motion For Expedited Discovery*, Jones Apparel requests that the Court continue the automatic stay of discovery pursuant to the PSLRA, during the pendency of Jones Apparel's motion to dismiss Maxwell's complaint.

> 1. The Court Has Already Denied Maxwell's Request For Discovery In Support Of Its Motion For Preliminary Injunction.

Pursuant to the PSLRA, discovery and all other proceedings in a case are *automatically* stayed, *as a matter of law*, from the moment that a defendant signals an intention to seek dismissal on the pleadings until that motion to dismiss has been fully briefed and decided by the Court.[2] In order to lift the automatic stay, Maxwell must meet the heavy burden of establishing that certain narrow, "particularized discovery" is

---

[2] Section 21D(b)(3)(B) of the Exchange Act provides: "In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the Court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party" (emphasis added). *See Cape Ann Investors LLC v. Lepone*, 296 F. Supp. 2d 4, 10-11 (D. Mass. 2003) (The PSLRA "provided for a mandatory stay of discovery to allow district courts, prior to discovery, to determine the legal sufficiency of claims brought in securities class actions") (quoting *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* 293 F.3d 1334, 1340-41 (11th Cir. 2002).

"necessary" to preserve evidence, or prevent "undue prejudice" to Maxwell. 15 U.S.C. § 78u-4(b)(3)(B). The Court previously considered this issue, and on April 9, 2004, ordered Jones Apparel to respond to Maxwell's motion for a preliminary injunction without granting Maxwell any of the discovery it requested. Although Maxwell withdrew its original motion and filed a renewed motion for a preliminary injunction, Maxwell has not cited any new basis for the Court to reconsider its original ruling. Accompanying this memo, Jones Apparel is filing its opposition to Maxwell's motion for a preliminary injunction. The Court should rule on that motion and Jones Apparel's forthcoming motion to dismiss before allowing any discovery.

    2.    Maxwell Has Incorrectly Stated The Standard For Lifting The PSLRA's Automatic Discovery Stay.

Plaintiff attempts to evade the strictures of the PSLRA by citing an opinion by Judge O'Toole, *In re Websecure, Inc.*, 1997 WL 770414, at *4 (D. Mass.), and implying that the First Circuit has announced a new standard for assessing the merits of expedited discovery. *See* Pl. Reply Mem. at 4 ("In this District, discovery of matters that are 'important factor[s]' in determining whether, or when, injunctive relief might be appropriate' is permitted both under the PSLRA and on an expedited basis."). Maxwell is wrong. In *Websecure* the court applied the PSLRA's heightened standard for discovery and found that, under the particular facts at issue, plaintiffs had met the PSLRA's "undue prejudice" standard and thus the court ordered expedited discovery.

Here Maxwell has not demonstrated that it would suffer "undue prejudice" if expedited discovery is not granted. First, the undue prejudice Maxwell must demonstrate is from a lack of discovery, and not as Maxwell argues from Jones Apparel's possible

take over of the Company.[3]  Second, the discovery must be both necessary and particularized to avoid the undue prejudice. Indeed in *Websecure*, Judge O'Toole granted discovery only on the narrow issues requested relating to the "undue prejudice," namely the possible dissipation of corporate assets, but otherwise denied the requested relief. *In re Websecure, Inc.*, 1997 WL 770414, at *4. Plaintiff seeks to create a new legal standard for awarding expedited discovery, perhaps because it is all too clear that plaintiff cannot meet the current standard in effect under the PSLRA.

        3.      No Discovery Is Necessary To Resolve The Pending Motions.

The Court's April 9, 2004, ruling was sound as no discovery is necessary to address Maxwell's motion for a preliminary injunction. The Court previously considered this issue, along with Maxwell's voluminous preliminary injunction papers and ruled against Maxwell, rejecting Maxwell's request for discovery to "obtain additional documentary and testimonial evidence to provide the Court an even fuller factual record" for its motion for a preliminary injunction. (Pl. Mem. at 8-10.) Maxwell's renewed papers do not cite any reason why the court should reconsider its earlier decision.

Further, the discovery Maxwell seeks is clearly not *necessary* because Maxwell's claims are based on the accuracy of Jones Apparel's publicly filed Tender Offer Statement and Revised Preliminary Consent Solicitation Statement, and what Jones

---

[3] Maxwell asserts that "Defendants fail to mention that the 'undue prejudice' standard for lifting the discovery stay under the [PSLRA] is <u>lower</u> than the standard for showing irreparable harm, <u>as the principal case on which Defendants rely holds</u>." (Pl. Mem. at 1) (emphasis in original). Maxwell's confusion on this issue is pervasive: To be sure, Maxwell has not established that it will suffer irreparable harm if its shareholders are allowed to consider the Tender Offer; however, the irreparable harm standard of a preliminary injunction is irrelevant to the undue prejudice standard in the PSLRA context. The PSLRA is concerned with the harm caused by a lack of discovery, whereas the injunction standard is concerned with the harm caused in the underlying action. Of course, Jones Apparel does not dispute that the quantum of harm under the undue prejudice standard is less than that necessary to establish irreparable harm.

Apparel states in those documents is not in dispute.[4] Moreover, if the allegedly "misleading" or "omitted" information truly is important to a stockholder deciding whether to tender or not, that information will not be established by inquiry into the materials that Maxwell seeks. To the contrary, if Maxwell is to obtain discovery into such matters the inference is obvious that they are not trying to *prove* claims but to *find* them. See *In re Lernout & Hauspie Sec. Litig.*, 214 F.Supp. 2d 100, 107 (D. Mass. 2002) (Saris, J.) ("[A] plaintiff's inability to muster facts sufficient to survive a motion to dismiss is not grounds for lifting the stay.") (internal citation omitted); *Medhekar v. United States District Court*, 99 F.3d 325, 328 (9th Cir. 1996) (reversing district court's lifting of discovery stay, "Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than

---

[4] The purported exigency of the tender offer does not justify lifting the discovery ban. In a similar context, the United States District Court for the Southern District of California upheld a magistrate's finding that a target company was not entitled to expedited discovery of a potential acquirer. In *Medical Imaging Centers of America v. Lichtenstein*, 917 F. Supp. 717 (S.D. Cal. Feb. 14, 1996) the target company argued that without a lift of the stay there would be no opportunity for it to take discovery in support of its motion for preliminary injunction:

> Finally, Appellant has repeatedly noted the short time frame surrounding this contest for corporate control, and has argued that it will be unduly prejudiced because it will be unable to complete discovery prior to the February 26th vote. While there is certainly time pressure, this is true in a majority of cases involving contests for corporate control, and thus does not constitute an "undue" burden which is unique. The Court can expedite discovery if it appears appropriate. In addition, the Court notes that Appellant would also be able to seek post-election remedies which, although potentially cumbersome and not as effective as pre-election remedies, would ferret out violations of the securities laws on the part of the Appellees.

*Id.* at 722. Maxwell cannot escape Congress' mandate that district courts "determine the legal sufficiency of claims" that fall under the PSLRA "prior to discovery." *Cape Ann*, 296 F. Supp. 2d at 10.

information produced by the defendants after the action has been filed."). In short, no discovery is necessary.

        4.    Maxwell's Requests Are Still Not Tailored To Its Purported Need.

Plaintiff's renewed motion does not tailor its previous request but continues to seek broad discovery aimed at determining Jones Apparel's plans, motivations, pricing limits, and strategies in the takeover effort.[5] Even if Maxwell were able to justify lifting the automatic stay, it would be entitled only to *particularized* discovery that is *necessary* to prevent the specific *undue prejudice* identified by the Court. Maxwell's discovery requests continue to contain no such limitation. Although Maxwell has created a chart showing how its discovery requests relate to issues raised in its preliminary injunction papers, it does not in any way show that such discovery requests are necessary to prevent undue prejudice. Maxwell does not identify specific information necessary to its motion, but, rather, identifies broad topical categories (e.g., all documents relating to Jones Apparel's proposed acquisition of Maxwell) that it hopes will provide useful information. But Congress enacted the PSLRA precisely to prevent such grand fishing expeditions. *In re Lernout*, 214 F.Supp. 2d at 106 (invoking Congress' intent to deter "fishing expeditions" by mandating an automatic stay of discovery under the PSLRA) (quoting S.

---

[5] Maxwell's requests target information that goes to the heart of Jones Apparel's strategy with respect to the proposed acquisition—information that Jones Apparel is entitled to protect pursuant to the business strategy privilege. *See* Note, *The White Knight Privilege in Litigated Takeovers: Leveling the Playing Field in Discovery*, 43 STAN. L. REV. 445, 459 (1991). *Atlantic Research Corp. v. Clabir Corp.*, 1987 WL 758584, at *2 (Del. Ch. Feb. 10, 1987) (the business strategy privilege is available to bidders as well as targets); *Parsons v. Jefferson-Pilot Corp.*, 408, 420 (M. D. N. Car. 1992) (temporarily denying certain discovery by target from bidder); *BNS, Inc. v. Koppers Co., Inc.*, 683 F. Supp. 454, 457 (D. Del. 1988) (protecting target's documents after balancing its injury against plaintiffs' interest in those documents); *Nisource Capital Markets, Inc., v. Columbia Energy Group*, 1999 WL 959183, at *1 (Del. Ch. Sept. 24, 1999) (same); *Pfizer, Inc v. Warner-Lambert Co.*, 1999 WL 33236240, at *2 (Del. Ch. Dec. 8, 1999) (same).

Rep. No. 104-98, at 14 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 693); *Cape Ann,* 296 F. Supp. 2d at 10 (D. Mass. 2003) ("These reforms [in the PSLRA] were designed to enable securities defendants to obtain early dismissal of frivolous class actions, and thereby avoid the high expense of discovery.") (quoting *Riley*, 293 F.3d at 1340-41).

## CONCLUSION

For all the foregoing reasons, the Court should deny plaintiff's motion for expedited discovery.

Respectfully submitted,

*(signature)*

John D. Donovan, Jr. (130950)
Christopher Dillon (640896)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
617-951-7000

*Counsel for Jones Apparel Group, Inc., and MSC Acquisition Corp.*

Paul C. Saunders
Timothy G. Cameron
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eight Avenue
New York, New York 10019
212-474-1000

April 9, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2004, I caused a true copy of the above document to be served by hand upon counsel of record for the plaintiff.

*(signature)*
Christopher Dillon