UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

MAXWELL SHOE COMPANY INC., )
)
Plaintiff, )
)
)   Civil Action No.
v. )   04 CV 10635 RGS
)
JONES APPAREL GROUP, INC.; and )
MSC ACQUISITION CORP., )
)
Defendants. )
)
)

---

## REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION FOR EXPEDITED DISCOVERY REGARDING LEPPO AND FINANCO

OF COUNSEL:

Adam H. Offenhartz
Jennifer H. Rearden
Michael M. Krauss
Robert E. Malchman (BBO # 555071)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Tel.:   (212) 351-4000
Fax.:   (212) 351-4035

TESTA, HURWITZ & THIBEAULT, LLP

Jordan D. Hershman (BBO # 553709)
Roger A. Lane (BBO # 551368)
Kenneth I. Weissman (BBO # 653834)
TESTA, HURWITZ & THIBEAULT, LLP
125 High Street
Boston, Massachusetts 02110
Telephone (617) 248-7000
Facsimile (617) 248-7100


Attorneys for Plaintiff,
Maxwell Shoe Company, Inc.

**PRELIMINARY STATEMENT**

Plaintiff Maxwell Shoe Company Inc. ("Maxwell Shoe" or the "Company") respectfully submits this reply memorandum of law in support of Plaintiff's Motion for Expedited Discovery Regarding Leppo and Financo. The papers filed by Defendants, Jones Apparel Group, Inc. ("Jones"), and MSC Acquisition Corp., in opposition to Maxwell's Shoe's motion demonstrate the need for expedited discovery regarding the relationship among 1) Jones and its affiliates, 2) Harold Leppo, one of Defendants' nominees to the Maxwell Shoe board of directors, and 3) Financo, Inc., and its affiliates, which provide consulting services.

Defendants are seeking the consent of Maxwell Shoe's stockholders to install Mr. Leppo and four other hand-picked nominees as the Company's board of directors (the "Board"), where there will be obligated to act in the best interests of the Company's stockholders. The factual issue here is whether Mr. Leppo is independent of Defendants. There is no legal dispute on this subject: Defendants concede that Maxwell Shoe's allegations relating to the Jones-Leppo-Financo connection are material. Defendants explicitly omitted these allegations from their Motion to Dismiss the Amended Complaint.

Defendants' shifting and incomplete explanations for what has or has not transpired among Jones and it affiliates, Financo and its affiliates, and Mr. Leppo demonstrates the need for expedited discovery. Specifically, Defendants' papers for the first time acknowledge a consulting relationship between Jones and Financo affiliate Marvin Traub Associates. Jones Executive Vice President Ira Dansky, who previously stated in a carefully worded declaration that there has been no relationship between "Jones" and "Financo" for the past three years, provides no supplemental explanation as to relationships between Financo affiliates (such as Marvin Traub Associates) and Jones or its affiliates, and as to what happened prior to three years ago. Similarly silent is Mr. Leppo, who

provides no affidavit or declaration to explain his relationship with Financo, a relationship that Financo itself trumpeted in a press release in January 2003.

The question of the independence of Mr. Leppo and his fellow nominees is put into even more striking relief by Defendants' stunning admission that they expect that, if elected, their nominees will not attempt to negotiate with Defendants over the price of their tender offer.[1] In the absence of the expedited discovery requested by Maxwell Shoe, this Court will not have a proper record on which to evaluate Defendants' Motion for Partial Summary Judgment or Plaintiff's Amended Motion for a Preliminary Injunction. Therefore this Court should grant Maxwell Shoe's Motion for Expedited Discovery Regarding Leppo and Financo.

## ARGUMENT

### MAXWELL SHOE IS ENTITLED TO EXPEDITED DISCOVERY ON THE RELATIONSHIP AMONG JONES, FINANCO AND MR. LEPPO.

Defendants' papers reveal for the first time the link between Jones and Financo through Financo's affiliate Marvin Traub Associates. Jones Executive Vice President Ira Dansky carefully stated in his declaration that "Jones does not have, and for at least the past three years has not had, any relationship with Financo . . . ." (Declaration of Ira Dansky, executed April 19, 2004 ("Dansky Decl.").) Confronted with Financo's own website identifying Jones on a list of "Past and Present [Financo Global Consulting] and Marvin Traub Associates Consulting Clients," Jones now suddenly admits that it has been a client of Marvin Traub Associates. (See Def. Memo. at 14; Third Declaration of Christopher Dillon, executed May 17, 2004 ("Third Dillon Decl."), Ex. 14.)

---

[1] See Memorandum in Opposition to Plaintiff's Third Motion for Expedited Discovery and in further Support of Defendants' Motion to Dismiss and for Partial Summary Judgment, dated May 17, 2004 ("Def. Memo."), at 10 n.6 (original emphasis).

2

Marvin Traub is a Senior Advisor to Financo and is identified in a Financo press release as the Chairman of Financo Global Consulting ("FGC"), which is Financo's consulting division.[2] Although Defendants attempt to distinguish Marvin Traub Associates from Financo, <u>Financo itself makes no such distinction</u>: The Financo press release refers to "current and prior clients of FGC/Marvin Traub" including "Jones NY," which is an operating subsidiary of Jones. Likewise, the Financo website makes no distinction between FGC and Marvin Traub Associates, and lists Jones as one of their "past and present clients":

**Selected Past and Present FGC and Marvin Traub Associates Consulting Clients**
FGC's and MTA's clients are domestic and international. They have needs ranging from renegotiating specific licensing agreements to recreating a company's global brand image.

| | |
|---|---|
| American Express Company | Coats Viyella PLC |
| Federated Department Stores, Inc. | Gruppo Coin S.p.A. |
| Groupe Andre, S.A. | Harley Davidson, Inc. |
| iBeauty.com | IMAN Cosmetics |
| Johnnie Walker | <u>Jones Apparel Group, Inc.</u> |
| Lanvin | LVMH Moet Hennessy Louis Vuitton |
| Marithé & Francios Girbaud, Inc. | Mothers Work, Inc. |
| Nautica Europe | NEXT plc |
| The Penn Traffic Company | Polo Ralph Lauren Corporation |
| Prime Retail, Inc. | Quartier 206- Berlin |
| Saks Fifth Avenue | Shanghai Tang |

(http://www.financo.com/services.html (see Offenhartz Aff. Ex. A) (underline emphasis supplied; bold emphasis in original).)

The agreement between Jones and Marvin Traub Associates is attached to an attorney's declaration, not to a declaration from anyone with personal knowledge of the relationship. Significantly, Mr. Dansky, who in his April declaration made no mention of the Jones-Marvin Traub relationship, is now silent. Nowhere does anyone with personal knowledge state under oath or under penalty of perjury what relationship Jones or its affiliates has or had with Financo or its affiliates, except for Mr. Dansky's very careful statement that "Jones does not have, and for at least

---

[2] See Press Release, dated January 13, 2003, attached as Exhibit D to the Affidavit of Adam H. Offenhartz Pursuant to Fed. R. Civ. P. 56(f), sworn to May 6, 2004 ("Offenhartz Aff.")

3

the past three years has not had, any relationship with Financo . . . ." (Dansky Decl. ¶ 3.)

Mr. Dansky makes no mention of Jones's affiliates, no mention of Financo's affiliates, and no mention of what passed between Jones and Financo prior to April 19, 2001. By its terms, the agreement between Jones and Marvin Traub Associates continues "until terminated by either party upon six (6) months prior written notice." Third Dillon Decl. Ex. 14 at 2. Defendants provide no documentary or testimonial evidence as to when -- or if -- the relationship was terminated.

Most striking, however, is the silence from Mr. Leppo himself. Like Conan Doyle's dog that did not bark, Mr. Leppo is the nominee who did not testify. Mr. Leppo is one of Defendants' hand-picked nominees, whom Defendants "expect[] to support" their tender offer[3] and not to try to negotiate a better price from Defendants. See Def. Memo. at 10 n.6. Having already reached these understandings with Mr. Leppo, surely Defendants could have contacted him and had him provide an affidavit regarding his relationship with Financo -- unless doing so would undermine their case.

In contrast to the silences of Mr. Dansky and Mr. Leppo, when Defendants actually do speak through their memorandum of law, they speak falsehoods and irrelevancies:

- Defendants assert that "both Financo and Jones Apparel deny the truth of" a December 19, 2002 WWD article (see Offenhartz Aff. Ex. C) identifying Mr. Leppo as a newcomer to Financo. (Def. Memo. at 14.) This statement is false. Financo has not "denied" anything. Financo has been completely silent. There is no Financo declaration or affidavit. Indeed, Defendants' false assertion here demonstrates why expedited discovery from Financo is necessary to create a proper record for the Court to resolve Defendants' Motion for Partial Summary Judgment and Plaintiff's Amended Motion for a Preliminary Injunction.

- Defendants assert that the WWD article and the Financo website are the "only" sources purportedly linking Mr. Leppo to Financo, and that Financo denies the truth of the WWD article. This statement is false. Berns Communications Group, LLC, --which is Financo's public relations agent -- issued a press release, dated January 13, 2003, announcing that Mr. Leppo was a consultant for Financo. (See Offenhartz Aff. Ex. D.) Far from denying

---

[3] See Defendants' Definitive Consent Statement, filed April 21, 2004, at ii, 2, 6 (attached as Exhibit 11 to the Supplemental Declaration of Christopher R. Dillon, submitted April 30, 2004).

4

that Mr. Leppo was one of its consultants, Financo trumpeted that fact to the world through its press agent.

- Defendants point to another page on the Financo website that states that Financo advised Gloria Vanderbilt Apparel Corp. and Gloria Vanderbilt Trademark B.V. in their transaction with Jones.  <u>This statement is irrelevant.</u>  That Financo or its affiliates advised another party to one transaction with Jones in no way suggests that Financo and/or its affiliates are not advising Jones in connection with other transactions.

- Defendants point to the absence of Mr. Leppo's name from a webpage listing "Financo People" as some kind of "evidence" that Mr. Leppo is not affiliate with Financo.  <u>This statement is irrelevant.</u>  Nowhere on the Financo website is there a statement that this page constitutes an exhaustive listing of Financo's employees or contractors.  Defendants cannot prove the existence of the negative simply from the absence of the positive.

For their legal argument, Defendants misplace their reliance on this Court's decision in <u>CNF First Associates II, L.P. v. Dickerman</u>, 2001 U.S. Dist. LEXIS 24476 (D. Mass. Mar. 8, 2001) (Stearns, J.).  As this Court is doubtlessly aware, in <u>CNF</u> as opposed to the present case, the witnesses plaintiff sought to depose in connection with its Rule 56(f) motion <u>had already been deposed by plaintiff.</u>  <u>Id.</u> at * 4.  This Court noted: "Plaintiff's memorandum supporting the request to <u>retake the depositions</u> simply speculates that the defendants' prior testimony regarding their financial transactions with [defendant] is unbelievable, and might be exposed as such if the depositions are taken anew."  <u>Id.</u> (emphasis supplied).  Here, of course, <u>no one</u> has been deposed -- not Mr. Leppo, not a Financo Rule 30(b)(6) witness, and not the careful Mr. Dansky.[4]

Defendants' suspicious silences and misdirections regarding the relationship among Jones and its affiliates, Financo and its affiliates, and Mr. Leppo demonstrate the need for discovery before this Court rules on Defendants' Motion for Partial Summary Judgment and Plaintiff's Amended Motion for a Preliminary Injunction.  Indeed, by failing to move to dismiss so much of the Amended Complaint as relates to the allegations regarding Mr. Leppo's lack of independence,

---

[4] Moreover, in <u>CNF</u>, plaintiff had waited until six months after the close of discovery to bring its motion.  <u>Id.</u> at *4-5.  Here, Maxwell Shoe has been attempting to pursue <u>expedited</u> discovery to respond to Defendant's Motion for Partial Summary Judgment.

5

Defendants concede that these allegations, if true, would be material omissions from their Consent Statement. In other words, Defendants concede that the allegations regarding the Jones-Leppo-Financo connection state a claim for which relief may be granted.

This concession illuminates the larger issue beyond the present discovery dispute: the purported independence of Defendants' nominees to the Maxwell Shoe's Board. Defendants make the stunning admission that they expect their nominees, if placed on the Maxwell Shoe's board of directors, would <u>not</u> negotiate the price for Defendants' tender offer. Instead, according to Defendants, their hand-picked nominees would simply consider whether or not to redeem the Company's preferred stock purchase rights, which Defendants term the "Shareholder Rights Plan." (Def. Memo. at 10 n.6.) Defendants' remarkable admission indicates that they have some kind of understanding with their nominees that the nominees will not attempt to extract the best price for the Company's stockholders.

The problem with this understanding would seem obvious: The issue for Maxwell Shoe's board of directors, regardless of its composition, is not simply whether to accede to Defendants' desire that the preferred stock right plan be redeemed, but what price to extract from Defendants as a condition of redeeming those rights. The Company's stockholders are entitled to know before they consent to the election of the Defendants' nominees whether those nominees have the ability and inclination to fulfill their fiduciary duties by bargaining hard with Defendants over the price for the Company's shares. An understanding between Defendants and their nominees that, if installed, the nominees will <u>not</u> negotiate on the price of the tender offer is most certainly a material fact that the Company's stockholders would want to know before submitting their consents to Defendants' nominees. The expedited discovery related to the Jones-Leppo-Financo relationship is calculated to uncover undisclosed business relationships that would lead Mr. Leppo to engage in a wink-and-nod understanding with Defendants to sell out the Company's stockholders, facts that are highly

6

pertinent to this Court's consideration of Defendants' Motion for Partial Summary Judgment and Plaintiff's Amended Motion for a Preliminary Injunction.

## CONCLUSION

Maxwell Shoe respectfully requests that the Court grant, pursuant to Fed. R. Civ. P. 6, 26, 30 and 34, Plaintiff's Motion for Expedited Discovery Regarding Leppo and Financo; and grant Plaintiff such other and further relief as this Court deems just and proper.

Dated: Boston, Massachusetts
May 18, 2004

Respectfully submitted,
Maxwell Shoe Company Inc.,
By Its Attorneys

*/s/ Roger A. Lane*

Jordan D. Hershman (BBO # 553709)
Roger A. Lane (BBO # 551368)
Kenneth I. Weissman (BBO # 653834)
TESTA, HURWITZ & THIBEAULT, LLP
125 High Street
Boston, Massachusetts 02110
Telephone (617) 248-7000
Facsimile (617) 248-7100

Of counsel:
Adam H. Offenhartz
Jennifer H. Rearden
Michael M. Krauss
Robert E. Malchman (BBO # 555071)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Tel.:  (212) 351-4000
Fax.:  (212) 351-4035

### CERTIFICATE OF SERVICE PURSUANT TO L.R. 5.2(b)(2)

I hereby certify that on May 18, 2004 a true copy of the above document was served by hand upon counsel of record for all Defendants

_____
Roger A. Lane